IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL DAVID WESTFALL                                                                                               PLAINTIFF

      V.                                        CIVIL NO. 6:14-cv-06110-RTD-MEF

THE HONORABLE HOMER WRIGHT;
STEVEN OLIVER; TIM BECKHAM;
MARK FRAISER; MARK CHAMBERLAIN;
RAY HOBBS; SARA HANEY; DALE REED;
GAYLON LAY                                                                                                        DEFENDANTS

## **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on September 30, 2014. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.      BACKGROUND**

Plaintiff is not currently incarcerated. Based on events which occurred on December 31, 2008, Plaintiff was charged with felony Fleeing and other charges. He was sentenced to three years probation in Hot Springs County for the Fleeing. (Doc. 1, p. 16.) Then, on or about June 29, 2009, and based on the same events of December 31, 2008, he was charged with felony Fleeing in Garland County and sentenced to 18 months in the Arkansas Department of Corrections. (Doc 1, pp. 16-17.)

1

His Garland County conviction was subsequently vacated because it violated Plaintiff's Fifth and Fourteenth Amendments rights against double jeopardy. (Doc. 1, p. 17.)

In Plaintiff's Complaint, among others, he named the following four Defendants: The Honorable Homer Wright, Garland County Circuit Judge; Steven D. Oliver, Garland County Prosecuting Attorney; Tim Beckham, Public Defender; and, Mark Fraiser, Director, Garland County Public Defender's Office. (Doc. 1, pp. 7-9.) Plaintiff alleges that these Defendants violated his constitutional rights by using information from his Hot Springs County conviction as support for a warrant, prosecution, plea, and sentencing in his Garland County conviction. (Doc. 1, pp. 6-9.) Specifically, he asserts that the actions of the Judge "constituted a malice action by allowing court papers from Hot Springs county where I was tried and sentence too be used for warrant and was tried and sentenced on the same charges in Garland County." (Doc. 1, p. 6.) He likewise asserts that the prosecutor "used court papers from HS county after sentenced to obtain warrant. . .." (Doc. 1, pp. 6.) Finally, he asserts the public defender "allowed me to be tried and sentenced on the same crime. . . [w]as overturned after sentence served and parole double jeopardy." (Doc. 1, p. 9.) The claims against the other Defendants concern failure to provide proper medical treatment. (Doc. 1, pp. 10-15.)

Plaintiff seeks monetary damages, including lawyer's fees incurred in getting the Garland County conviction overturned. (Doc. 1, p. 22.)

## II.    APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is

immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### III.   DISCUSSION

Some of Plaintiff's claims are subject to a screening dismissal because they seek monetary relief from a Defendant who is immune from such relief or fail to state a cognizable claim.

#### A.   Judge Wright

Judge Wright is immune from suit.  *See Mireles v. Waco*, 502  U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

#### B.   Public Defender and Director of Public Defender's Office

Plaintiff has failed to state a cognizable claim against Defendants Beckham and Fraiser. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right.  In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing

3

a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. See also *Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983). Nor will § 1983 "support a claim based on a respondeat superior theory of liability. " *Id., citing Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

### C.    Prosecuting Attorney

Given the facts available at this time, it is not clear what level of immunity is appropriate for Defendant Oliver. If qualified immunity is appropriate, Plaintiff has stated, at least at this juncture, a valid claim for relief.

The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."   *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.  However, a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 276 (1993). "The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Winslow v. Smith*, 696 F. 3d 716, 739 (8th Cir. 2012) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Once the charging documents are filed, a prosecutor is generally protected by absolute immunity. *Winslow*, 696 F. 3d at 739. However, for actions taken prior to that filing, determining

4

which actions constitute protected advocacy, and which constitute investigative or administrative functions, poses "difficult questions." *Imbler*, 424 U.S. at 431 n. 33.

"Before the establishment of probable cause to arrest, a prosecutor generally will not be entitled to absolute immunity." *McGhee v. Pottawattamie Cnty., Iowa*, 514 F.3d 739, 745 (8th Cir.), reh'g granted and opinion vacated (May 15, 2008), on reh'g, 547 F.3d 922 (8th Cir. 2008) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993) ("A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested.") (footnote reference omitted)). Obtaining, reviewing, and evaluating evidence to determine if a case should go forward is absolutely protected. *Brodnicki v. City of Omaha*, 75 F. 3d 1261, 1266 (8th Cir. 1996). However, the Supreme Court in *Imbler* specifically recognized that at some point, obtaining, reviewing and evaluating evidence crosses the line into administrative function. 424 U.S. 431. Further, giving police officers legal advice is not absolutely protected. *Id*.; *Anderson v. Larson*, 327 F.3d 762, 769 (8th Cir. 2003.) Participating in an investigation is also not absolutely protected. *Buckley*, 509 U.S. at 274.

In this case, Plaintiff alleges that the prosecutor "used court papers from HS county after sentenced to obtain warrant. . ." Without further information, it is not possible to determine at which point or how this information was obtained by Defendant Oliver. Therefore is it not possible to clearly determine if Defendant Oliver enjoys absolute or qualified immunity for this alleged action.

Qualified immunity does not shield a public official who "violates a clearly established constitutional or statutory right of which a reasonable person should have known." *Winslow*, 696 F. 3d at 730. A defendant's Fifth and Fourteenth Amendments rights against double jeopardy are

just such a clearly established constitutional right. It would therefore be premature to dismiss Defendant Oliver from the suit at this time.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's claims against Defendants Wright, Beckham, and Fraiser be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  Plaintiff's claims against all other Defendants remain for further resolution.  Service will be addressed by separate order.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of June, 2015.**

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE