IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL DAVID WESTFALL                                                                                    PLAINTIFF

v.                                           Civil No. 6:14-cv-06110

STEVEN OLIVER, MARK CHAMBERLIN,                                                         DEFENDANTS
RAY HOBBS, SARA HANEY, DALE
REED, and GAYLON LAY

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff, Paul David Westfall, pursuant to 42 U.S.C. § 1983. Plaintiff is currently not incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Before the Court are two motions to dismiss, one filed by Defendants Mark Chamberlin and Sara Haney (the "County Defendants") (Doc. 14), and one filed by Defendants Ray Hobbs, Dale Reed, and Gaylon Lay (the "ADC Defendants") (Doc. 18). After careful consideration, the undersigned Magistrate Judge submits the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff filed his Complaint on September 30, 2014. (Doc. 1) Plaintiff alleges his constitutional rights were violated when he was charged with felony Fleeing and other charges based on events which occurred on December 31, 2009. He was sentenced to three years of probation in Hot Springs County for the Fleeing. (Doc. 1, p. 16) Later in 2009, and based on the same events of December 31, 2009, he was charged with felony Fleeing in Garland County and

1

sentenced to eighteen months in the Arkansas Department of Corrections ("ADC"). (Doc 1, pp. 16-17) His Garland County conviction was vacated by the Honorable Homer Wright, Garland County Circuit Judge, on September 23, 2011, because it violated Plaintiff's Fifth and Fourteenth Amendments rights against double jeopardy. (Doc. 1, p. 17)

The Honorable Homer Wright, Garland County Circuit Judge; Tim Beckham, Public Defender; and, Mark Fraiser, Director, Garland County Public Defender's Office, were terminated from the case by Order entered on August 14, 2015. (Doc. 10) Plaintiff's claims against Steven Oliver, Prosecuting Attorney, remained for further consideration. Defendant Oliver filed an Answer (Doc. 21) on September 15, 2015.

Plaintiff's claims against the ADC and County Defendants concern denial of medical care while he was incarcerated. Specifically, Plaintiff alleges that his medical records were not obtained, and that he was not provided the medication prescribed by his free-world specialist, Dr. Brandt, for his bi-polar disorder (Lithium) and his heart burn, acid reflux, and vomiting (Dexilent). (Doc. 1) Plaintiff alleges he was told by his free-world dentist that enamel on his teeth had been "eaten off" by his stomach acid. (Doc. 1, p. 21) Plaintiff alleges his free-world physician told him he is now a "prime candidate for throat cancer" because he went without his medication while incarcerated. (Doc. 1, p. 22) Plaintiff attached a letter from Dr. Brandt to Mr. Hurst, presumably Plaintiff's attorney, indicating Plaintiff had severe acid reflux disease and had been prescribed Dexilant. He stated, in his medical opinion, denying Plaintiff access to this medication "exacerbated his reflux symptomology and put him at risk for recurrent esophageal ulcers, Barrett's esophagus, and esophageal cancer." (Doc. 1, pp. 23-24)

Plaintiff proceeds against all Defendants in both their official and personal capacities. Plaintiff seeks monetary damages in compensation for pain, suffering, and medical costs. He also

seeks reimbursement for lawyer's fees and costs in the amount of $5,000.00 and $2,500.00, respectively, incurred in getting the Garland County conviction overturned.  (Doc. 1, p. 22)

The County Defendants, Chamberlin and Haney, filed their Motion to Dismiss on September 2, 2015.  (Doc. 14).  The ADC Defendants, Hobbs, Reed, and Lay, filed their Motion to Dismiss on September 3, 2015.  (Doc. 18)  Plaintiff responded to these motions on September 17 and 18, 2015, respectively.  (Docs. 22, 25)  The ADC Defendants filed a Reply on September 18, 2015.  (Doc. 27)  Plaintiff filed a supplemental response to the ADC Defendants' motion on September 28, 2015.  (Doc. 28)

**2.     APPLICABLE LAW**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

**3.     DISCUSSION**

    **A.     Statute of Limitations**

Both the ADC and County Defendants argue Plaintiff's claim for denial of medical care

is time-barred. (Doc. 15, p. 2; Doc. 19, p. 3; Doc. 27, p. 1). Initially, the arguments on this issue focused on the date upon which Judge Wright's Order (overturning Plaintiff's conviction) was signed as the tolling date for Plaintiff's claims. Judge Wright's Order was signed on September 23, 2011. (Doc. 1, pp. 16-18) Plaintiff filed his Complaint on September 30, 2014. Defendants argued Plaintiff's claims are therefore time-barred because he filed his Complaint more than three years after the Order was signed. Plaintiff countered that the Order was not filed of record until October 5, 2011, therefore his Complaint is not time-barred. (Doc. 23) The ADC Defendants replied, stating:

"The original motion to dismiss referenced the signing date of Judge Wright's order to show the presumed final date of Plaintiff's incarceration. However, common sense dictates that Plaintiff's medication issues arose long before that date. After all, Plaintiff would have no reason to complain that prison officials failed to give him medication *after* an order was signed releasing him from prison." (Doc. 27, p. 1) (emphasis in original)

The County Defendants did not reply.

Plaintiff correctly argued that criminal judgments are not effective until entered of record by filing with the circuit court clerk. *See Bradford v. State,* 351 Ark. 394, at 400-01, 94 S.W.3d 904, 908–09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (judgment, decree or order is entered when stamped or otherwise marked with the date and time and the word "filed"). Therefore, any discussion of timeliness must focus on October 5, 2011, the date Judge Wright's Order was actually filed by the circuit clerk. Because Plaintiff's Complaint was filed on September 30, 2011, it was filed before the expiration of three years dating from the filing of Judge Wright's

Order on October 5, 2011, and Plaintiff's Complaint is not time-barred based on the date Judge Wright signed the Order on September 23, 2011.

The analysis, however, does not stop there. The accrual date of a § 1983 cause of action is controlled by federal law. *Wallace v. Kato*, 549 U.S. 384 (2007). Accrual generally occurs when the Plaintiff has "a complete and present cause of action." *Id.* at 388. This is met when "the Plaintiff can file suit and obtain relief." *Id.* Plaintiff attached a copy of grievance CU-10-00524, submitted while in the ADC Cummins Unit. The grievance was signed and dated by Plaintiff on April 16, 2010. This grievance states: "Told Diagnostics Unit, Pine Bluff, I had been to specialist Dr. Brandt, Hot Springs. I had several tests and he prescribed a liquid and a pill. Would to have records sent to get names. Cummins Unit same thing was told they give these meds from the disease and [illegible] specialist ordered for me. They give [illegible] and Tums. And I'm not getting these even when I need." (Doc. 1, p. 5) This grievance was denied as untimely on April 22, 2010, by the ADC Inmate Grievance Coordinator. (Doc. 1, p. 3) A copy of the grievance appeal was attached, but the resolution on appeal is not clear from the form. Instead, the document indicated the appeal had been received on May 27, 2010, and Plaintiff would either receive a response by July 9, 2010, or his appeal had been returned for one of several reasons. None of these reasons appear to be checked. (Doc. 1, p. 4) No further documentation on this grievance was provided by either Plaintiff or Defendants.

Thus, while it is almost certain Plaintiff's grievance was exhausted, and he therefore had a complete and present cause of action in July, 2010, the Court presently has no documentation to support this point. The undersigned, therefore, cannot determine if Plaintiff's claim was time-barred given the information presently before me. As this was the only argument advanced by the

5

County Defendants as grounds for dismissal, Plaintiff's claims against them must remain for further consideration.

### B. ADC Defendants – Official Capacity Claims

Plaintiff's official capacity claims against the ADC Defendants are barred by sovereign immunity. An official capacity claim against an ADC employee is essentially a claim against the State of Arkansas. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (*citing Quern v. Jordan,* 440 U.S. 332, 342(1979)). The State of Arkansas and its agencies have not consented to suit in federal court.

Because Plaintiff requests only monetary damages, Plaintiff's official capacity claims against the ADC Defendants are barred by sovereign immunity.

### C. Official Capacity Claims – County Defendants

Although the County Defendants did not raise any argument other than the statute of limitations as grounds for dismissal, the Court may dismiss a complaint under Rule 12(b)(6) *sua sponte* after service has been effected. *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Plaintiff has failed to state a cognizable official capacity claim against the County Defendants.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth

6

Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Here, Plaintiff's claims against both County Defendants are as follows: "did not obtain medical records for prescriptions for my medications from John Brandt Md Hot Springs, AR." (Doc. 1, pp. 10, 12). This statement does not contain any allegation of a custom or policy on the part of either Pike County or Garland County which violated Plaintiff's rights. Therefore, Plaintiff's official capacity claims against the County Defendants fail as a matter of law.

    **D.    ADC and County Defendants – Personal Capacity Claims**

Plaintiff's personal capacity claims against the ADC and County Defendants are barred by the doctrine of *respondeat superior*. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an

employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper*, 130 F.3d at 1314 ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). In other words, Defendants cannot be held liable merely because they hold supervisory position at the ADC or any other detention facility.

Here, Plaintiff makes the same allegation against the ADC and County Defendants: "did not obtain medical records for prescriptions for my medications from John Brandt Md Hot Springs AR." Defendant Hobbs is identified as the Chief Deputy, ADC. Defendant Reed is identified as the Warden, ADC Diagnostic Unit. Defendant Lay is identified as the Warden, ADC Cummins Unit. (Doc. 1, pp. 11, 12, 14). Defendant Chamberlin is identified as the Chief Deputy, Adult Detention Center, Garland County Sheriff's Office. (Doc. 1, p. 10) Defendant Haney is identified as the Jail Administrator for the Pike County Jail. (Doc. 1, p. 12) Plaintiff fails to make any allegation of personal involvement in, or a causal link to, his medical care claims for any of these Defendants. Nor does Plaintiff allege that any of the Defendants are medically trained or responsible for making medical decisions. *See Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) ("if any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [Plaintiff's] medical care.") Plaintiff's personal capacity claims against the ADC and County Defendants therefore fail as a matter of law.

**4.	CONCLUSION**

Accordingly, for the reasons discussed above, I recommend that Defendants' Motions to Dismiss (Docs. 14, 18) be **GRANTED**.  Plaintiff's Complaint against these Defendants should be **DISMISSED WITH PREJUDICE**.  Plaintiff's claim against Defendant Oliver remains for further consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the District court.**

DATED this 14th day of June, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE