UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL DAVID WESTFALL                                                                                    PLAINTIFF

v.                                           Civil No. 6:14-CV-06110

STEVEN OLIVER                                                                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Paul David Westfall, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff is not currently incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before this court is Defendant Steven Oliver's motion for summary judgment. (Doc. 53) After careful consideration, the undersigned makes the following report and recommendation.

### I. BACKGROUND

Plaintiff filed his original complaint on September 30, 2014. (Doc. 1) The events referenced in Plaintiff's complaint occurred when Defendant served as prosecuting attorney within Garland County, Arkansas. (Doc. 53, p. 2) On July 22, 2009, a Hot Spring County judge sentenced Plaintiff to three years' probation for a felony fleeing conviction in violation of Ark. Code Ann. § 5-54-125. (Doc. 53-5, p. 1) The basis for this conviction centered upon events that transpired on December 31, 2008 within Hot Spring County. (*Id.*) Although charges were filed against Plaintiff in Hot Spring County, Defendant had on June 29, 2009 also filed charges in Garland County for the same felony-fleeing incident. (Doc. 53-4) Plaintiff pleaded guilty to the Garland County charge and received a sentence of eighteen (18) months incarceration in the ADC. (Doc. 53-5)

1

Two years later, on September 23, 2011, Circuit Judge John Homer Wright vacated the Garland County conviction on the basis that it violated Plaintiff's constitutional right against double jeopardy. (*Id.*) The vacating order was filed on October 5, 2011.[1] (*Id.*)

Plaintiff brings this action against Defendant in both his official and individual capacities. (Doc. 1, p. 8) Plaintiff seeks compensatory damages, as well as damages for pain, suffering, medical expenses, and attorneys' fees. (Doc. 1, p. 22)

Defendant filed his Motion for Summary Judgment on February 10, 2017. (Doc. 53) Plaintiff filed his response on March 6, 2017. (Doc. 57)

## II. APPLICABLE STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences, in the light most favorable to the nonmoving party, *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit, or other evidence, showing that a genuine issue of material fact exists." *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602, 610 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsuhita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l. Bank of Commerce of El Dorado, Arkansas*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A

---

[1] For § 1983 claims, the applicable statute of limitations are governed by the state's personal-injury statute. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Arkansas, the general personal-injury statute of limitations is three years, *see e.g., Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991), and civil actions commence upon the date they are filed. (Ark. R. Civ. P. 3 (reporter's note)). Thus, Plaintiff satisfies the applicable statute of limitations because his complaint was filed less than three years after his Garland County conviction was vacated.

case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### III. DISCUSSION

Defendant maintains he is entitled to summary judgment for the following reasons: (1) Defendant is entitled to absolute immunity from Plaintiff's lawsuit because (a) Plaintiff failed to present evidence indicating Defendant's involvement in Plaintiff's case before filing charges in Garland County, and (b) Plaintiff failed to produce evidence that Defendant used court papers from Hot Spring County to obtain the Garland County arrest warrant; (2) Defendant is entitled to sovereign immunity protection from Plaintiff's official capacity claims because the allegations took place at a time when Plaintiff served as a state prosecutor; and, (3) Defendant, in this event, is entitled to qualified immunity from Plaintiff's individual capacity claims because there are no facts to support allegations that Defendant violated Plaintiff's constitutional right against double jeopardy. (Doc. 54)

The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993). Prosecutors are not generally entitled to absolute immunity before the establishment of probable cause. *See Buckley*, 509 U.S. at 274. The initiation of the prosecution, however, is entitled to absolute immunity because these decisions lie "at the very heart of a prosecutor's function as an advocate for the state." *Imbler*, 424 U.S. at 427; *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996).

Absolute prosecutorial immunity, moreover, does not extend to functions performed

outside the prosecutor's role as an advocate. *See Buckley*, 509 U.S. at 272-74. Duties that are investigatory or administrative in nature are merely entitled to qualified immunity. *Id.* As explained in the *Kalina* case:

> [T]he absolute immunity that protects the prosecutor's role as an advocate is not grounded in any special "esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself." *Malley v. Briggs*, 475 U.S. 335, 342 (1986). Thus, in determining immunity, we examine "the nature of the function performed, not the identity of the actor who performed it. *Forrester v. White*, 484 U.S. 219, 229 (1988).

*Kalina v. Fletcher*, 522 U.S. 118, 127 (1997).

Here, Defendant maintains that he "did not participate in the investigation of [Plaintiff's] underlying crimes" prior to filing the Garland County charges on June 29, 2009. (Doc. 53-1, p. 2) Although Defendant filed Plaintiff's charges before probable cause was established on July 2, 2009 (Doc. 53-2), the initiation of criminal charges constitutes an advocacy function entitled to absolute immunity. *See Buckley*, 509 U.S. at 273 (affirming that "acts undertaken by a prosecutor in preparing the initiation of judicial proceedings […], and which occur in the course of the [prosecutor's] role as an advocate for the state, are entitled to the protections of absolute immunity"). Plaintiff's argument against absolute immunity, however, is based upon the felony information mechanism utilized by Defendant to charge Plaintiff. (Doc. 58, pp. 5-6) Plaintiff contends that felony information instruments signal a prosecutorial "role [that] is more properly" characterized as an investigatory function, rather than reflecting the "the role of the prosecutor as lawyer." (*Id.*)

Plaintiff's position relies upon *Kalina*, which featured a prosecutor who had commenced charges through filing an information. *Kalina*, 522 U.S. at 121. In *Kalina*, the prosecutor provided sworn witness testimony as to the grounds for issuing an arrest warrant (the "Certification for

4

Determination of Probable Cause"). *Id.* at 129-30. The Supreme Court concluded that this action was not entitled to the protection of absolute immunity because Washington state law did not require prosecutors to provide the testimony. *Id.* Although given under penalty of perjury, the testimony merely constituted a customary practice within the state of Washington, an act no different from what "any competent witness might have performed." *Id.* The prosecutor in *Kalina*, however, received absolute immunity for conduct related to the preparation and filing of the information document. *Id.* at 129.

In the case at hand, Defendant merely filed the felony information document. (Doc. 53-4) The Arkansas Constitution expressly grants prosecutors discretion to charge criminal offenses through filing an information. *See McGrew v. State*, 338 Ark. 30, 33, 991 S.W.2d 588, 590 (1999) (citing Ark. Const. art. 2, § 8, amend. 21). Thus, Defendant's conduct in filing the June 29, 2009 felony information document was part of his duty as an advocate for the state. *See Buford v. Wright*, No. 3:10CV00247 BSM, 2012 WL 4358946, at *3 (E.D. Ark. Sept. 21, 2012). Accordingly, this action receives the protection of absolute immunity.

Nevertheless, Plaintiff alleges that Defendant "used court papers from H.S. [Hot Spring] county after [*sic*] sentenced to obtain warrant [*sic*] then tried again on same crime and sentenced again." (Doc. 1, pp. 7-8) In sum, the evidentiary basis for Plaintiff's allegation rests upon the fact that Defendant utilized a state trooper as a witness, and that the trooper had previously provided witness testimony for Plaintiff's Hot Spring County conviction. (Doc. 53-6, p. 24:7-11) Upon filing the Garland County charges, Defendant maintains that he was unaware of Plaintiff's Hot Spring County conviction. (Doc. 53-1, p. 1) Further, Defendant states the Arkansas State Police provided him with Plaintiff's arrest information. (Doc. 53-1, pp. 2-3)

In response to Defendant's motion for summary judgment, Plaintiff offers no evidence suggesting Defendant's involvement with his case prior to filing the Garland County charges.

5

Plaintiff's deposition testimony reveals Plaintiff does not contend that Defendant generated the alleged paperwork. (Doc. 53-6, p. 25:6-7) Plaintiff also testified he did not know whether Defendant utilized paperwork originating from Hot Spring County at the time Defendant filed the Garland County charges. (Doc. 53-6, p. 25:8-11) Plaintiff maintains he has "no idea" and "would have to guess" as to Defendant's responsibility "in bringing [the] fleeing incident to light." (Doc. 53-6, p. 28:4-16)

Accordingly, viewing the evidence in the light most favorable to Plaintiff, there is no genuine dispute of material fact as to the prosecutorial nature of the Defendant's conduct. Defendant is shielded by absolute immunity for his conduct as prosecuting attorney in preparing and filing the Information against Plaintiff in Garland County. Defendant is, therefore, entitled to summary judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated above, I recommend that Defendant's Motion for Summary Judgment (Doc. 53) be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED with prejudice**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of June, 2017.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE