IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL DAVID WESTFALL                                                                          PLAINTIFF

V.                                          CASE NO. 6:14-CV-06110

STEVEN OLIVER                                                                                 DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed June 26, 2017, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 60. Objections to Judge Ford's Report and Recommendation were due by July 10, 2017. On July 11, 2017, Plaintiff filed Plaintiffs' Objections to Magistrate Judge's Report and Recommendation and Motion for Reconsideration. ECF No. 61. Plaintiff's objections were not timely filed and are not directly responsive to the Report and Recommendation and raise no specific objections for the Court to consider. Accordingly, the Court overrules Plaintiff's objections and adopts Judge Ford's Report and Recommendation insofar as he recommends that Plaintiff's individual-capacity claim be dismissed with prejudice as Defendant is shielded by absolute prosecutorial immunity.

However, after reviewing the Report and Recommendation, the Court notes that Judge Ford failed to address Plaintiff's official-capacity claim. Accordingly, the Court finds that this matter requires further consideration.

### I. BACKGROUND

Plaintiff filed this matter on September 30, 2014, under 42 U.S.C. § 1983. ECF No. 1. Plaintiff seeks compensatory damages, punitive damages, and attorney's fees. ECF No. 1, pp. 20, 22. Plaintiff's claims arise from the fact that he was convicted twice for the same Fleeing offense—once

in Hot Spring County, Arkansas, and subsequently in Garland County, Arkansas. On July 22, 2009, Plaintiff was sentenced to three years' probation for Fleeing in Hot Spring County, Arkansas. ECF No. 55, ¶ 18; ECF No. 59, ¶ 18. However, on June 29, 2009, Defendant in his capacity as prosecutor for the Eighteenth Judicial District charged Plaintiff, in the Circuit Court of Garland County, Arkansas, by criminal information with Fleeing. ECF No. 53-4. Those charges were based on the same events underlying Plaintiff's conviction in Hot Spring County, Arkansas. ECF No. 53-4. Plaintiff subsequently entered a guilty plea in the Garland County Circuit Court and was sentenced to eighteen months' incarceration in the Arkansas Department of Correction. ECF No. 58, p. 1; ECF No. 55, ¶ 23; ECF No. 59, ¶ 23.

However, on September 23, 2011, the Honorable John Homer Wright vacated Plaintiff's Garland County, Arkansas, conviction upon a finding that "the Garland Circuit conviction for Fleeing violated Westfall's Fifth and Fourteenth Amendment right against double jeopardy, because he had already been convicted of the same offense for the same conduct in Hot Spring County." ECF No. 53-5, p. 2. The order vacating Plaintiff's sentence was filed on October 5, 2011. ECF No. 53-5.

In his Complaint, Plaintiff brought suit against Defendant in both his official and individual capacities. ECF No. 1, p. 8. Plaintiff claims that Defendant "used court papers from H.S. County after sentenced to obtain warrant then tried again on same crime and sentenced again." ECF No. 1, pp. 7-8. Subsequently, on February 10, 2017, Defendant filed a Motion for Summary Judgment. ECF No. 53. That motion was referred to Judge Ford, who now recommends that Defendant's Motion for Summary Judgment be granted and this matter be dismissed with prejudice, as "Defendant is shielded by absolute immunity for his conduct as prosecuting attorney in preparing and filing the Information against Plaintiff in Garland County." ECF No. 60, p. 6.

Plaintiff's objections do not address Judge Ford's conclusion that Defendant is shielded by

prosecutorial immunity. Plaintiff's objections simply state, in relevant part:

> Plaintiff objects to the Magistrate Judge's Report and Recommendation and requests reconsideration from the Court. Plaintiff submits the evidence is clear that the prosecuting attorney's office in this matter had knowledge of the information filed in Hot Spring County and also had knowledge of Plaintiff's arrest in Hot Spring County. Plaintiff submits the officer's report that caused Plaintiff's arrest in both counties was the same report as it was the same arresting officer. The State had to have known that Plaintiff suffered prosecution in Hot Spring County for the exact same facts he was prosecuted for in Garland County. The State had to have conducted some kind of preliminary investigation before prosecuting Plaintiff in Garland County and had to have reviewed the Hot Spring County reports, pleadings and information. Plaintiff was sent to the penitentiary for a crime for which he voluntarily pled guilty to and previously accepted responsibility for.

ECF No. 61.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d

743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602, 610 (8th Cir. 1999). The non-moving party "must come forward with sufficient evidence to support their claims and cannot stand on their complaint and unfounded speculation." *Id*. (internal citations omitted).

### III. DISCUSSION

In his Report and Recommendation, Judge Ford noted that:

> Defendant maintains he is entitled to summary judgment for the following reasons: (1) Defendant is entitled to absolute immunity from Plaintiff's lawsuit because (a) Plaintiff failed to present evidence indicating Defendant's involvement in Plaintiff's case before filing charges in Garland County, and (b) Plaintiff failed to produce evidence that Defendant used court papers from Hot Spring County to obtain the Garland County arrest warrant; (2) Defendant is entitled to sovereign immunity protection from Plaintiff's official capacity claims because the allegations took place at a time when Plaintiff served as a state prosecutor; and, (3) Defendant, in this event, is entitled to qualified immunity from Plaintiff's individual capacity claims because there are no facts to support allegations that Defendant violated Plaintiff's constitutional right against double jeopardy.

ECF No. 60, p. 3. As noted above, Judge Ford only addressed Defendant's absolute prosecutorial immunity argument, finding that issue was dispositive.[1] However, absolute

---
[1] It is well established that a prosecutor is absolutely immune from an individual-capacity suit for damages for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Furthermore, the initiation of criminal charges constitutes an advocacy function entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S.

4

prosecutorial immunity only applies to Plaintiff's individual-capacity claims as "[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *VanHorn v. Oelschlager*, 502 F.3d 775, 779 (8th Cir. 2007) (citing *Kentucky v. Graham*). Therefore, the Court will address Defendant's contention that he is shielded by sovereign immunity with respect to Plaintiff's official-capacity claim.

The Eleventh Amendment to the United States Constitution bars federal lawsuits brought by individuals against states. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). "'This bar exists whether the relief sought is legal or equitable.'" *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (quoting *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). Suits brought against Arkansas prosecutors in their official capacity are construed as suits against the State of Arkansas. *See Batemon v. Arkansas*, No. 5:10-CV-00010-BSM, 2010 WL 1487223, at *2 (E.D. Ark. Apr. 12, 2010) (dismissing claims against district prosecuting attorney and deputy prosecuting attorney as barred by sovereign immunity); *Ussery v. Holladay*, No. 4:09-CV-00801-BSM, 2010 WL 2231877, at *1 (E.D. Ark. June 3, 2010) (same).

However, there are certain well-established exceptions to the reach of the Eleventh Amendment. *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). "A state may waive its sovereign immunity and consent to suit in federal court, and Congress may, by legislation, abrogate immunity without the state's consent in order to effectuate the provisions of the Fourteenth Amendment." *Id.*

---

259, 273 (1993) (affirming that "acts undertaken by a prosecutor in preparing the initiation of judicial proceedings […], and which occur in the course of the [prosecutor's] role as an advocate for the state, are entitled to the protections of absolute immunity"). However, absolute prosecutorial immunity does not extend to duties performed outside a prosecutor's role as an advocate. *Id.* at 272-74. Duties that are investigatory or administrative in nature are merely entitled to qualified immunity. *Id.* Judge Ford found that "[i]n the case at hand, Defendant merely filed the felony information document" and that this action "was part of his duty as an advocate for the state." ECF No. 60, p. 5. Accordingly, Judge Ford concluded that Defendant is shielded by absolute prosecutorial immunity and, therefore, entitled to judgment as a matter of law. The Court agrees with Judge Ford's conclusion in regard to Plaintiff's individual-capacity claim. Further, the Court will not address Defendant's qualified immunity argument in light of Judge Ford's finding that Defendant is entitled to absolute prosecutorial immunity.

That being said, "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Id*. Likewise, there is nothing to suggest that the State of Arkansas has waived its sovereign immunity or consented to this suit.

In his Motion for Summary Judgment, Defendant argues that Plaintiff's official-capacity claim against him is barred by sovereign immunity, as he is a state prosecutor. ECF No. 54, p. 6. Plaintiff does not directly address Defendant's claim of sovereign immunity in his response. However, the Court construes Plaintiff's official-capacity claim as a claim against the State of Arkansas. As noted above, Congress did not abrogate sovereign immunity in regard to Section 1983 claims and the State of Arkansas has not waived sovereign immunity or otherwise consented to this suit. Accordingly, Plaintiff's official-capacity claim is barred by sovereign immunity and Defendant is entitled to summary judgment as no material factual issues remain.

## IV. CONCLUSION

For the foregoing reasons, the Court adopts Judge Ford's Report and Recommendation concerning the issue of absolute prosecutorial immunity in regard to Plaintiff's individual-capacity claim. Likewise, the Court further finds that Plaintiff's official-capacity claim is barred by sovereign immunity. Accordingly, Defendant's Motion for Summary Judgement (ECF No. 53) should be and hereby is **GRANTED**. Plaintiff's claims against Defendant Oliver are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge